Civil Case No. 12-3038 (SRN)

Ritchie Capital Management, L.L.C.,
as administrative and collateral agent,
Ritchie Special Credit Investments, Ltd.,
Rhone Holdings II Ltd., Yorkville
Investments I, L.L.C., and Ritchie
Capital Structure Arbitrage Trading,
Ltd.,

     MEMORANDUM
     OPINION & ORDER

    Appellants,

 v.

John Stoebner, Trustee,

    Appellee.

---

James M. Jorissen, Leonard, O'Brien, Spencer, Gale & Sayre, Ltd., 100 South Fifth Street, Suite 2500, Minneapolis, Minnesota 55402; Brian A. McAleenan and Michael J. La Mare, Sidley Austin, LLP - IL, One South Dearborn Street, Chicago, Illinois, 60603, for Appellants

George H. Singer, Mark S. Enslin, Sandra S. Smalley-Fleming, and Terrence J. Fleming, Lindquist & Vennum, PLLP, 80 South Eighth Street, Suite 4200, Minneapolis, Minnesota 55402, for Appellee

---

SUSAN RICHARD NELSON, United States District Judge

  Appellants Ritchie Capital Management, L.L.C., Ritchie Special Credit Investments, Ltd., Rhone Holdings II Ltd., Yorkville Investments I, L.L.C., and Ritchie Capital Structure Arbitrage Trading, Ltd. (collectively, "Ritchie") appeal a final order of the Bankruptcy Court for the District of Minnesota. Before the Court is Appellants' Motion for Certification to Appeal Directly to the United States Court of Appeals for the Eighth Circuit Pursuant to 28 U.S.C. § 158(d)(2)(A) [Doc. No. 6]. For the reasons set

forth herein, Appellants' motion is denied.

## I. BACKGROUND

This case arises from underlying bankruptcy proceedings involving Polaroid Corporation and other affiliated Polaroid entities (collectively, "Polaroid"). In December 2008, Polaroid filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Minnesota ("Bankruptcy Court"). In February 2009, the Polaroid Corporation, in the capacity of debtor-in-possession, commenced an adversary proceeding against the Ritchie Entities in Bankruptcy Court. The proceeding was subsequently converted to a case under Chapter 7, at which time Appellee-Trustee John R. Stoebner was substituted as the plaintiff. The Trustee seeks to avoid certain liens that Polaroid had granted to Ritchie pursuant to a September 19, 2008 Trademark Security Agreement, and the disallowance of claims based on that agreement. Specifically, the Trustee seeks to avoid the liens as fraudulent transfers pursuant to 11 U.S.C. §§ 548 and 544.

The Bankruptcy Court entered a bifurcated schedule in which it first considered a motion for partial summary judgment on the Trustee's claims of actual fraudulent transfer prior to the resolution of the Trustee's other remaining claims, including constructive transfer. The Trustee argued that the transfers at issue were actually fraudulent under two theories: (1) by application of the "Ponzi scheme presumption"; and (2) under a traditional "badges of fraud" analysis. Stoebner v. Ritchie Capital Mgmt. (In re: Polaroid

Corp.), 472 B.R. 22, 30-32 (Bankr. D. Minn. 2012).[1] The Ponzi scheme at issue was operated by Tom Petters.[2] Id. at 27. At the time of the scheme's operation, the ownership of Polaroid was traceable to one of Petters' entities, Petters Group Worldwide, LLC. Id. Ritchie lent funds to Tom Petters and, like many of Petters' investors and creditors, became concerned when, in 2008, it appeared that Tom Petters and his entities were insolvent. Id. at 50. In exchange for an extension agreement on several outstanding notes held by Ritchie, Tom Petters, on behalf of Polaroid, executed the Trademark Security Agreement in favor of Ritchie. Id. at 51. The agreement granted Ritchie a security interest in certain trademarks owned by Polaroid. Id. As noted, Polaroid subsequently filed for bankruptcy in December 2008. Id. at 27. When Polaroid was placed into bankruptcy, Ritchie claimed to hold enforceable security interests, or liens, in the particular Polaroid trademarks.

In the adversary proceeding below, the Honorable Gregory F. Kishel, Chief United States Bankruptcy Judge for the District of Minnesota, granted in part, and denied in part, the Trustee's motion for partial summary judgment.[3] Id. at 77. Chief Judge Kishel

---

[1] Appellants have provided a copy of the Bankruptcy Court's decision as Exhibit A to their Memorandum, however, the Court cites to the published version of the opinion, Stoebner v. Ritchie Capital Mgmt. (In re: Polaroid Corp.), 472 B.R. 22, 30-32 (Bankr. D. Minn. 2012).

[2] Petters was convicted in 2009 for crimes related to the Ponzi scheme and is serving a fifty-year prison sentence. United States v. Petters, 08-CR-364 RHK/AJB [Doc. Nos. 361; 400].

[3] The Court denied the Trustee's motion for partial summary judgment as to a contract claim, for which the Trustee asserted that the agreement between Polaroid and Ritchie was invalid, unenforceable, or lacked consideration. Id. at 73.

3

granted the Trustee's motion on the issue of actual fraudulent transfer, applying both a Ponzi scheme presumption and a badges of fraud analysis. Id. at 40-60. Under either analysis, Chief Judge Kishel held that Ritchie's liens resulted from actual fraudulent transfers and were therefore avoidable. Id. at 59-60.

## II. DISCUSSION

A court of appeals has jurisdiction of appeals from the bankruptcy court under 28 U.S.C. § 158(d)(2)(A) if the district court certifies that:

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
>
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

28 U.S.C. § 158(d)(2)(A). Appellants urge certification under parts (i) and (iii). Under part (i), they argue that the Eighth Circuit has not previously recognized the Ponzi scheme exception to the badges of fraud analysis: "[t]herefore, as a threshold matter, the very viability and availability of the presumption within the Eighth Circuit is a matter of first impression." (Appellants' Mem. in Supp. Mot. for Certification at 7 [Doc. No. 6].) In addition, they argue that even assuming the adoption of the Ponzi scheme presumption in the Eighth Circuit, "the bankruptcy court's application of the Ponzi scheme presumption to a debtor that was not a Ponzi scheme and operated as a legitimate business is, as the bankruptcy court itself expressly acknowledged, entirely novel, and has never before been

applied in that manner by any court." (Id.)

Under Part (iii), Appellants also contend that direct appeal to the Eighth Circuit would materially advance the progress of the underlying proceedings. Because of the bifurcated nature of the bankruptcy proceedings, Appellants argue that receiving a final, definitive opinion from the Eighth Circuit would obviate the need to litigate the remaining claims. (Id. at 9.) They contend that speedy resolution of the actual fraudulent transfer claims would save the debtor's estate from expending resources, "as the Trustee would not be forced to litigate two levels of appeal." (Id. at 10.)

**A.     Question of Law Lacking a Controlling Court of Appeals Decision**

As to Appellants' argument under part (i) of § 158(d)(2)(A), Appellants are correct that the Eighth Circuit has not applied the Ponzi scheme presumption to alleged fraudulent transfers arising under the federal bankruptcy statutes or the Uniform Fraudulent Transfer Act. In non-Ponzi scheme cases, courts look to whether circumstantial evidence – in the form of badges of fraud – establishes fraudulent intent. Brown v. Third Nat'l Bank (In re Sherman), 67 F.3d 1348, 1353-54 (8th Cir. 1995). The Ponzi scheme presumption is an exception to an ordinary badges of fraud analysis, recognizing the unique, entirely fraudulent nature of Ponzi schemes. In fact, Chief Bankruptcy Judge Kishel observed that the presumption constitutes "one big badge of fraud." Stoebner, 472 B.R. at 35 (emphasis in original). Where the Ponzi scheme presumption applies to the transfers at issue, courts have held that consideration of the badges of fraud is unnecessary. In re Manhattan Inv. Fund Ltd., 397 B.R. 1, 10, n.13 (S.D.N.Y. 2007) (citing Securities Investor Protection Corp. v. Old Naples Securities, Inc.

5

(In re Old Naples Securities, Inc., 343 B.R. 310, 319 (Bankr. M.D. Fla. 2006)).

Here, the Bankruptcy Court applied the Ponzi scheme presumption and applied a badges of fraud analysis, arriving at the same result under either test. Discussing the badges of fraud, the Bankruptcy Court concluded:

> The last factor clinches it, when tied back to the others: even without the overlaid backdrop of a collapsing Ponzi scheme, these badges cumulate to independently support the inference that Tom Petters was willing to materially impair the interests of the Polaroid Corporation's creditors by encumbering assets otherwise subject to their claims, and was ready to go ahead and do that in mid-September, 2008. This meets the actual-intent requirement under either bankruptcy law or the [Minnesota Uniform Fraudulent Transfer Act, Minn. Stat. § 513.44(b)]. The avoidance of the grant of liens is thus merited, independently of the Ponzi scheme presumption.

Stoebner, 472 B.R. at 59-60.

While the Eighth Circuit has not adopted the Ponzi scheme presumption when considering claims of actual fraudulent transfer, the Eighth Circuit has certainly considered application of the traditional badges of fraud in analyzing actual fraudulent intent. See, e.g., Kelly v. Armstrong, 141 F.3d 799, 802 (8th Cir. 1998); In re Sherman, 67 F.3d 1348, 1353 (8th Cir. 1995). As Appellee notes, the badges of fraud test and the Ponzi scheme presumption function in the same way – they permit a court to apply a rebuttable presumption that the transferor acted with actual intent to defraud. (Appellee's Opp'n Mem. at 4 [Doc. No. 13].) Because the Bankruptcy Court applied the Ponzi scheme presumption as an alternative basis for finding actual fraudulent intent, the requirement under part (i) for certification – that the ruling involves a question of law as to which there is no controlling decision of the court of appeals for the circuit – is not

met.[4]

Further, Appellee correctly observes that "Ritchie's principal criticism of the Bankruptcy Court – and its principal basis for requesting certification for direct appeal – is that the Bankruptcy Court <u>misapplied</u> the Ponzi scheme presumption in this case." (<u>Id.</u> at 5) (emphasis in original). In other words, Appellants contend that the Bankruptcy Court's application of the presumption to transfers made by a related entity outside the main operation of the Ponzi scheme merits certification under part (i) of § 158(d)(2)(A). (Appellants' Mem. at 7 [Doc. No. 6].) It is true that the Bankruptcy Court acknowledged that "thus far the courts have recognized and applied the presumption only as to transfers made by entities that directly purveyed Ponzi schemes." <u>Stoebner</u>, 472 B.R. at 32-33. However, certification to the Court of Appeals under part (i) requires a lack of controlling precedent on a purely legal question. 28 U.S.C. § 158(d)(2)(A)(i). The application of the Ponzi scheme presumption to the facts of this case is not a purely legal question – instead, it involves a mixed question of law and fact. Accordingly, for these reasons, the Court finds that certification under part (i) does not apply.

### B.     Materially Advancing the Progress of the Case

The other basis on which Appellants move for certification is part (iii) of 28 U.S.C. § 158(d)(2)(A): "an immediate appeal from the judgment, order, or decree may

---

[4] While this Court does not presume whether the Eighth Circuit would adopt the presumption, at least four other federal circuits have adopted or applied it. <u>See, e.g.</u>, <u>Wing v. Dockstader</u>, 482 Fed. App'x 361, 363 (10th Cir. 2012); <u>Perkins v. Haines</u>, 661 F.3d 623, 626-27 (11th Cir. 2011); <u>Donell v. Kowell</u>, 533 F.3d 762, 770-71 (9th Cir. 2008); <u>Warfield v. Bryon</u>, 436 F.3d 551, 558-59 (5th Cir. 2006). Ritchie does not argue that other courts that have adopted the Ponzi scheme presumption are incorrect.

materially advance the progress of the case or proceeding in which the appeal is taken." 28 U.S.C. § 158(d)(2)(A)(iii).

Ritchie argues that because of the bifurcated nature of the adversary proceeding, the direct appeal of the claims involving actual fraudulent intent will allow the adversary proceeding to proceed more quickly. (Appellants' Mem. at 9 [Doc. No. 6].) In addition, Ritchie contends that a ruling on this issue will also advance other Petters-related proceedings.

The Court disagrees. The language of part (iii) speaks to the "progress of the case or proceeding in which the appeal is taken." 28 U.S.C. § 158(d)(2)(A)(iii). In other words, it refers to the specific case or proceeding at issue – not to other cases or proceedings. In addition, the argument that immediate appeal now, as opposed to appeal later, is more expeditious could be made in nearly all cases. The Court thus finds that a certification to the Court of Appeals would not materially advance the progress of the case. The Court therefore denies certification under part (iii) as well.

**THEREFORE, IT IS HEREBY ORDERED that:**

Appellants' Motion for Certification to Appeal Directly to the United States Court of Appeals for the Eighth Circuit Pursuant to 28 U.S.C. § 158(d)(2)(A) [Doc. No. 6] is **DENIED**.

Dated: June 6, 2013

s/Susan Richard Nelson  
SUSAN RICHARD NELSON  
United States District Judge